[Civ. No. 5018. Second Appellate District, Division One.—March 28, 1928.]

WRIGHT & HOGAN, INC. (a Corporation), Respondent, v. CHARLES R. HEIDE, Appellant.

Wm. A. Spill for Appellant.

McDonald & Thompson and L. W. Frankley for Respondent.

YORK, J.—Appeal from a judgment quieting title in plaintiff and for costs.

The only matter to be considered is whether or not an examination of the record discloses sufficient facts to substantiate all of the material findings of the court. An investigation does disclose, contrary to appellant's statement, sufficient evidence to support all of the findings.

The facts found bring the case within the provisions of section 1624, subdivisions 5 and 6, of the Civil Code, and section 1973, subdivision 5, of the Code of Civil Procedure. The only claim of the defendant to the property was his claim of a right to purchase under an alleged contract of sale and purchase in which respondent is mentioned as the owner, and which contract was signed with the name of the plaintiff, by H. H. Steiner, and there is no evidence whatever in this record to show that Steiner was ever au-

thorized in writing to make any sales contract on behalf of plaintiff.

The evidence as to the agency of LeRoy and Steiner being sufficient to justify the trial court in finding that they were the agents to find purchasers only for the property in question and other properties, and there being sufficient evidence to show that the appellant was fully informed of the fact that Steiner, who signed the contract as agent, could not bind his principal, and being actually notified that Steiner could not make a deal excepting only for all cash, and there being sufficient evidence to show that Steiner at the time he signed the contract as agent for plaintiff so notified appellant, appellant cannot be now heard to complain of the judgment of the trial court.

The defendant raises the question of estoppel and urges that the plaintiff is estopped from denying the authority of Steiner to bind it, and in support of this contention cites *Karnes* v. *Olney*, 80 Cal. 90 [13 Am. St. Rep. 101, 22 Pac. 57]. Appellant's reliance upon the case of *Karns* v. *Olney* is evidently based upon a misunderstanding of the facts of that case. Quoting from pages 97, 98 of that opinion, we find: "But here the sale was in legal effect made by the principals. . . . It was made in their actual presence, and at the request of one of them the money paid was handed to the other immediately. . . . The facts show that the only reason for the finding that they (principals) did not knowingly or intentionally ratify or affirm the contract of sale was, that they did not know the location of the lot. . . . The findings further show that the purchaser took possession under his contract, and made valuable improvements on the property with the knowledge of these parties." Thus we see that in the Olney case there was an absolute estoppel, as clear a case of estoppel as can ever be shown. Quoting from this case further: "In this case the vendors stood by and saw the sale made, and accepted the purchase-money in the presence of the vendee, and the court finds that they 'by their acts and conversation aforesaid induced the said Bayles to purchase said lots from them by their said agent, Hall,' which, it seems to us, presents the strongest possible case against him. . . . "

The judgment appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.